841 F.Supp. 288 (1993)
Maureen ROESCH and Richard Roesch, Plaintiffs,
v.
Lawrence P. RYAN, D.D.S., M.D., Kenneth S. Rotskoff, D.D.S., M.D., John Van Gilder, D.D.S., and Kenneth S. Rotskoff, D.D.S., Inc., Defendants.
No. 91-1280-C(2) (CDP).
United States District Court, E.D. Missouri, E.D.
December 29, 1993.
*289 Drew C. Baebler, Joseph L. Bauer, Jr., Bauer and Baebler, St. Louis, MO, for Maureen Roesch.
Robert S. Rosenthal, Brown and James, St. Louis, MO, for Lawrence P. Ryan, D.D.S., M.D., Kenneth S. Rotskoff, D.D.S., M.D., Kenneth Rotskoff, D.D.S., Inc., John Van Gilder, D.D.S.
William L. Davis, Moser and Marsalek, St. Louis, MO, for James Moore, D.D.S.

MEMORANDUM OPINION
PERRY, United States Magistrates Judge.
This matter is before the Court for entry of Judgment following a jury verdict for plaintiffs. At defendants' request a hearing was held pursuant to § 538.220, R.S.Mo. (1986), to determine the form of judgment *290 regarding future damages. This case was referred to the undersigned for trial and all other purposes with consent of the parties pursuant to 28 U.S.C. § 636(c).

I. Factual and Legal Background

This medical malpractice suit was tried to a jury, which returned its verdicts on October 29, 1993. Plaintiff Maureen Roesch's claim against the four defendants arose out of elective jaw surgery and subsequent treatment rendered by the defendants. Her husband Richard Roesch also brought a derivative claim for loss of consortium. The case was submitted to the jury against the three individual doctor defendants, and the parties agreed that any verdict entered against any one of the individual doctors would also be entered against the corporate defendant, as all individual defendants were at all relevant times employees of the corporate defendant. On October 29, 1993, the jury returned its verdict in favor of both plaintiffs against defendant Lawrence P. Ryan, D.D.S., M.D., only. The jury returned defendants' verdicts in favor of the other two individual doctors. The verdicts were itemized as required by § 538.215, R.S.Mo. (1986), as follows:

For plaintiff Maureen Roesch:
 For past economic damages, including
past medical damages: $ 45,000
 For past non-economic damages: $125,000
 For future medical damages: $ 80,000
 For future non-economic damages: $300,000
 _________
 Total Damages $550,000
For plaintiff Richard Roesch:
 For past non-economic damages: $ 25,000
 For future non-economic damages: $ 25,000
 _________
 Total Damages $ 50,000

Ordinarily this Court would have, on the same day as the verdicts were returned, entered a judgment for Maureen Roesch against Lawrence Ryan, D.D.S., M.D., and Kenneth S. Rotskoff, D.D.S., Inc., in the amount of $550,000, and in favor of Richard Roesch against the same defendants in the amount of $50,000, both to earn interest at the current legal rate, and would have entered a judgment in favor of defendants Kenneth S. Rotskoff, D.D.S., M.D., and John Van Gilder, D.D.S., on both plaintiffs' claims against those defendants. The Missouri medical malpractice statute, however, vastly changes the simplicity of such a judgment.
Missouri's medical malpractice statute, Chapter 538, R.S.Mo., was passed as part of Missouri's tort reform legislation, effective February 3, 1986. The chapter established, among other things, a limit on the amount of non-economic damages that could be imposed in a medical malpractice case, a requirement for early filing of an affidavit by a health care provider certifying the merit of the case, procedures for apportioning fault among settling and non-settling defendants, and the provision at issue here, § 538.220, relating to the way damages that were assessed by a jury should be paid.
Section 538.220.2, R.S.Mo. (1986), provides, in pertinent part, as follows:
2. At the request of any party to such action made prior to the entry of judgment, the Court shall include in the judgment a requirement that future damages be paid in whole or in part in periodic or installment payments if the total award of damages in the action exceeds $100,000.
The subsection goes on to specify that the parties be given the opportunity to agree on the form of such judgment and discuss procedures for determining any unresolved issues. The attorneys' fee subsection provides that:
4. If a plaintiff and his attorney have agreed that attorneys' fees shall be paid from the award, as part of a contingent fee arrangement, it shall be presumed that the fee will be paid at the time the judgment becomes final.
Section 538.220.4, R.S.Mo.
After receipt of the verdict in this case the Court directed the parties to attempt to agree on a form for entry of the judgment pursuant to the Missouri statute, and, in the absence of agreement, to notify the Court whether a hearing was required. The parties did notify the Court that they were unable to reach agreement for a form of *291 judgment and, accordingly, on November 19, 1993, the Court held an evidentiary hearing.
At the hearing both parties presented evidence by way of a financial expert witness. Plaintiffs' evidence showed that plaintiffs' attorney has a 33 1/3 % contingency fee contract with the plaintiffs, plus expenses. Plaintiffs' attorney has incurred approximately $30,000 in expenses, so the total attorney's fee owed to him is $230,000. Plaintiffs first argued that the entire judgment should be payable at this time without any requirement of future installment payments. In the alternative, plaintiffs argued that the initial payment should be for $425,000 (past damages for both plaintiffs totalling $195,000, plus attorneys fees and expenses of $230,000), with the remaining $175,000 in future damages to be paid in three installments, the first one year from now, another two years from now, and the third three years from now, at a 6% rate of interest. Plaintiffs' expert witness testified that the appropriate rate of interest to be used in this case would be 5.45%.
Defendants' expert witness testified that an initial payment for total past damages in the amount of $170,000 should be made to Maureen Roesch, and then her future damages of $380,000 should be paid by paying Maureen Roesch $19,282 each year for the next forty-five years, based on her life expectancy. Defendants propose purchasing an annuity to pay this amount, for which, of course, defendants would pay less than $380,000. Defendants' expert also opined that plaintiff Richard Roesch should receive an initial payment of $25,000 and the sum of $1,351 for the next thirty-eight years, also based on his life expectancy and also to be paid by defendants through the purchase of an annuity. Defendants' expert opined that plaintiffs' counsel's fees should be paid by counsel's taking all of the "up front" payment that would be made for past damages to both plaintiffs (totalling $195,000) and then taking thirty-three and one-third percent from the plaintiffs' annual payments until the remainder of counsel's fee is satisfied.
The parties have cited the Court to only two cases considering the statutory provisions at issue here, and the Court has found no others. Those cases are Vincent v. Johnson, 833 S.W.2d 859 (Mo.1992) (en banc) and Adams v. Childrens Mercy Hospital, 832 S.W.2d 898 (Mo.1992). Both Vincent and Adams involved catastrophic injuries to child plaintiffs, and in both cases the jury award for non-economic damages exceeded the statutory maximum, and the trial courts accordingly reduced the awards. The Adams case, which was decided in May of 1992, held that certain portions of Chapter 538, most importantly the limit on non-economic damages, did not violate the Missouri Constitution. The Vincent case, decided in June of 1992, likewise dealt with the constitutionality of the chapter and the cap on non-economic damages, but also considered the application of the statute to settling and non-settling defendants and the procedures to be used in determining the appropriate periodic payment to be made after the entry of a judgment.
To a large extent the issues in Vincent and Adams have little bearing on the instant case.[1] The Vincent case did, however, discuss the provision regarding a schedule of payments, stating as follows:
The provisions of § 538.220 give the Circuit Court, in the absence of a court approved agreement between the parties, discretion in establishing the plan for future payments  with two exceptions. First, all past damages must be paid in a lump sum at the time of judgment. Section 538.220.1. Second, it is presumed that absent the attorney's agreement, attorneys' contingent fees will be paid at the time of judgment. Section 538.220.4. The statute does not require any other amounts to be apportioned to future payments.
833 S.W.2d at 866. The Supreme Court held that the Circuit Court had erred in not holding a full evidentiary hearing to determine the appropriate schedule of payments to be ordered in the Vincent case. In reaching its decision the court discussed the purposes of the statute as follows:
[T]he general purpose of chapter 538 is to reduce the cost of medical malpractice; *292 and the specific purpose of § 538.220 is to spread that cost over time and to guard against squandering of the judgment while reducing future burdens on government social services.
833 S.W.2d at 867. The court noted that there were certain general questions that a court should ask in structuring a payment schedule, including whether there were funds from a settlement with other parties that could be used to meet the immediate payments, what the current and future needs of the injured plaintiff were, what alternatives existed to guarantee that the plaintiff's future needs would be met, what the current prudent investment practices are that should govern the length of investment and interest rates, and what the effect of the federal tax status would be. The court indicated that the answers to these questions should be balanced against the purpose of Chapter 538 to reduce the cost of medical malpractice and to spread that cost over time.

II. Discussion

A. Attorneys' Fees

The statute makes clear that funds for payment of attorney's fees must be available from the initial payment and should not, as suggested by defendant, be paid over time, even though the future damages are paid over time. The undersigned rejects defendant's argument that plaintiffs' attorney's fees should be taken first from the past damages. In this case, the past damages awarded to both plaintiffs total $195,000. Defendant's proposed solution would take that entire past damages award and provide it to plaintiffs' lawyer, so that the plaintiffs would receive no money at this time. The Court cannot believe that was the intention of the statute, and it certainly would not be just if it were. The clear intention of the statute is, as plaintiffs argue, that the attorney's fees on the total judgment should be paid initially along with any past damages. Therefore, the Court agrees that the sum of $230,000 for attorneys fees and expenses should be included in the amount to be paid immediately upon entry of the judgment. That $230,000, of course, is attributable to both plaintiffs' claims, and must be apportioned between them, with Maureen Roesch being liable for $183,333.33 of the fee and $27,272.73 of the expenses (for a total of $210,606.06) and Richard Roesch being liable for $16,660.67 of the fee and $2,727.27 of the expenses (for a total of $19,387.94).

B. Richard Roesch's Future Damages

The future payment provision only applies if the "total award of damages in the action exceeds $100,000." Here the total damage award in Richard Roesch's derivative claim was $50,000, with $25,000 awarded as past and $25,000 awarded as future damages. No part of Richard's award should be paid over time, as the total award to him does not meet the $100,000 threshold. The use of the words "in the action" in the statute must refer to each plaintiff's cause of action. Richard's "action" is theoretically and legally distinct from Maureen's, and therefore future payments are not required. As a practical matter, moreover, once Richard's past damages ($25,000) and attorneys' fees and expenses ($19,387.94) are paid in the lump sum, less than $6,000.00 would remain for future payments, and requiring installment payments on such a small amount is not consistent with the intent of the statute. Therefore, Richard's judgment will be payable in full at the time it is entered, with no requirement of future payments.

C. Maureen Roesch's Future Damages

With regard to Maureen's verdict for future damages, the Court agrees with the defendants that the language of § 538.220.2 is mandatory, as the statute clearly states that the Court shall include in the judgment the requirement that future damages be paid in whole or in part in periodic or installment payments. After Maureen's past damages ($170,000) and attorneys' fees and expenses ($210,606) are deducted from the total award of $550,000, the amount of $169,394 remains to be paid, in whole or in part, in future payments, under the provision of the Missouri statutes.
The defendants have argued that the future award should be paid over the entire life expectancy of the plaintiff, and that this could be accomplished by the defendants' *293 purchasing an annuity to guarantee the plaintiff an income stream over the remaining portion of her life expectancy that would equal or exceed what she could earn on her judgment over that period of time. Because the income will be tax-free, defendants argued that the appropriate interest rate to be paid would be the amount of 4.32%. Plaintiffs' expert opined that the interest rate should be 5.45%, using an effective tax rate of 10%, instead of the marginal tax rate of 28%.
The precise form and timing of the future damages payments are left to the discretion of the Court, and the court should, following the standards set forth in Vincent, be guided by the facts and circumstances of each particular case. In this case the plaintiff is a thirty-five year old woman who underwent elective jaw surgery to correct bite problems. She ultimately had three separate surgeries, and presented evidence of continuing pain and disfigurement. Both plaintiff and defendants presented evidence at trial that future surgical treatment might be appropriate to attempt to correct plaintiff's current problems. This elective surgery could take place at any time in the future; there is no reason from the evidence to presume that any future surgery would be postponed, or to presume that the future medical damages awarded by the jury were intended to be any sort of a per year payment for future medical problems plaintiff may have. Similarly, there is no reason to believe that the future pain and suffering award is something that was intended to compensate plaintiff on a per diem or per year basis. Although attorneys sometimes make such suggestions to a jury, a jury could as easily determine that the pain and suffering incurred by one such as the plaintiff would be greater in the early years (perhaps being associated with future surgeries), and decrease with time.
The case is therefore very different from both Vincent and Adams, where the child plaintiffs were expected to require intensive medical care for the rest of their lives as a result of the medical malpractice. Maureen Roesch is not an infant or small child such as the plaintiffs in Vincent and Adams, for whom assets must be conserved, so that future needs will be met and who requires court protection against squandering of assets. The Court finds that the concerns expressed in the Vincent and Adams cases for preservation of the judgment for the benefit of the plaintiff, guarding against squandering of the judgment, and reducing future burdens on government social services simply have no application here. Here there is no reason to believe Mrs. Roesch will become a burden on the state in the future, and even if she did for some unforeseeable reason, there is no reason to believe that the state would become liable for these elective future medical expenses. The general purpose of Chapter 538, that is, reducing the cost of medical malpractice, is presumptively already met, since the awards for non-economic damages here did not exceed the statutory limit. The specific purpose of § 538.220.2, stretching the cost of medical malpractice over time, will also be met by a shorter, rather than longer, period of time for payment of the future damages award. The statutory scheme was not intended to eviscerate the law of medical malpractice, and a prevailing party should not be required to wait a lifetime for payment of a judgment such as that here. In short, stretching the payment over Maureen Roesch's entire lifetime is not in the interests of justice or required by the statutory scheme.
The parties spent significant time at the hearing discussing whether defendants should be able to save money by purchasing an annuity to pay the judgment. The statute makes reference to the option of purchasing an annuity to safeguard the future payments in the event of an insolvent or underinsured defendant. The Court believes the parties' arguments miss the point, and that the statutory reference is not applicable here. It is no concern of plaintiffs how defendants obtain the funds to pay the judgment, so long as they do pay the judgment. There has been no evidence presented that would cause the Court to believe that Dr. Ryan and the corporate defendant cannot pay the judgment, and although the parties have indicated that Dr. Ryan may be uninsured, they certainly have not indicated that he is "judgment proof." Similarly, defendants' argument that they should be able to simply *294 purchase an annuity to satisfy the judgment in this case is also not reasonable. If plaintiff wishes to accept an annuity as satisfaction of the judgment she may do so, but the law does not require her to agree to that. Defendants' obligation is to pay the money, in the amounts and at the times that will be specified.
Recognizing that the purpose of the statute is to spread the cost of medical malpractice over time, the Court will order that the future portion of Maureen's judgment (less attorneys' fees as set forth above) be paid over the next five years, with one fifth of the principal to be paid annually and interest on the unpaid portion, at the rate of 4.32%, also to be paid annually. The first of the future payments will be due one year from the date of entry of this judgment and each of the remaining four payments will be due on that date annually thereafter. Accordingly, $380,606 of the judgment will be due immediately, with interest on that amount to accrue at the current rate for all judgments of 3.61%. The remaining portion of the judgment shall be paid as follows:

 December 29, 1994 $41,196.62
 December 29, 1995 $39,733.06
 December 29, 1996 $38,269.49
 December 29, 1997 $36,805.93
 December 29, 1998 $35,342.36

Any amounts not paid on the dates specified will accrue interest at the current judgment rate of 3.61%. As set forth above, Richard's entire judgment shall be due and payable as of today's date.
A separate Judgment in accord with this Memorandum Opinion is entered this date.

JUDGMENT
This action came on for trial before the court and a jury, the undersigned United States Magistrate Judge presiding, and the issues having been duly tried and the jury having duly rendered its verdicts, and the court having considered the legal issues raised by those verdicts, as set forth more fully in the Memorandum Opinion entered this same date,
It is Ordered and Adjudged
that the plaintiff MAUREEN ROESCH recover of defendants LAWRENCE P. RYAN, D.D.S., M.D. and KENNETH S. ROTSKOFF, D.D.S., INC. the sum of $550,000, payable as follows:
The sum of $380,606 is due immediately, with interest thereon from this date forward at the rate of 3.61 percent as provided by law,
The remaining portion of the judgment shall be due on the following dates and in the following amounts:

 December 29, 1994 $41,196.62
 December 29, 1995 $39,733.06
 December 29, 1996 $38,269.49
 December 29, 1997 $36,805.93
 December 29, 1998 $35,342.36,

with interest thereon from each specified date forward at the rate of 3.61 percent as provided by law.
It is Further Ordered and Adjudged
that the plaintiff RICHARD ROESCH recover of defendants LAWRENCE P. RYAN, D.D.S., M.D. and KENNETH S. ROTSKOFF, D.D.S., INC. the sum of $50,000, with interest thereon from this date forward at the rate of 3.61 percent as provided by law.
It is Further Ordered and Adjudged
that the plaintiffs MAUREEN ROESCH and RICHARD ROESCH take nothing from defendants KENNETH S. ROTSKOFF, D.D.S., M.D. and JOHN VAN GILDER, D.D.S., and that the action be dismissed against said defendants on the merits.
NOTES
[1] The verdicts in this case are not in excess of the statutory cap, so the provisions of Chapter 538 which were the primary focus of Adams and Vincent are not an issue here.